IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:19-mj-407 |
| ) | |
| ANDREW JON THOMASBERG, ) | **UNDER SEAL** |
| ) | |
| Defendant. ) | |

FILED SEP 18 2019

### GOVERNMENT'S MOTION TO SEAL COMPLAINT AND AFFIDAVIT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint, until the defendant is arrested.

**I.    REASONS FOR SEALING (Local Rule 49(B)(1))**

1.    The Federal Bureau of Investigation is investigating ANDREW JON THOMASBERG, for (i) in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly making any false or fictitious oral or written statement intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition, in violation of 18 U.S.C. § 922(a)(6), and (ii) possessing a firearm while being an unlawful user of or addicted to any controlled substance, in violation of Title 18, United States Code, Section 922(g)(3).

2.    Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant and may

lead to the destruction of evidence. Further, as noted in the affidavit in support of the criminal complaint, the defendant frequently carries firearms on his person, and he could, therefore, pose a danger to agents tasked with executing his arrest if he had advance knowledge. Finally, disclosure of the complaint and affidavit in support of the complaint would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II.    REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3.    The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III.   PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4.    The complaint and affidavit in support of the complaint would need to remain sealed until the defendant is arrested.

5.    The United States has considered alternatives less drastic than sealing and has

2

found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Anthony W. Mariano
Special Assistant United States Attorney